## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Weaver Bros., Inc.

v.

Edward W. Alfriend, IV, et al.

March 18, 1985

Case No. (Law) 9113

By JUDGE DONALD H. KENT

In this suit for a real estate commission the defendants demur to the plaintiff's Motion for Judgment which contains four counts: (1) Breach of Brokerage Contract; Anticipatory Repudiation; (2) Quantum Meruit; (3) Promissory Estoppel, and (4) Misrepresentation.

The plaintiff alleges that on October 4, 1982, Arlandria Associates (a limited partnership) entered into an exclusive listing agreement with plaintiff, Weaver Bros., which listed for sale certain property owned by defendants. Paragraph 5 of the listing agreement provided that the agent was to be paid a commission if a contract for the sale of the property was procured and "provided that settlement was made in accordance with the terms of such sales contract." The term of the listing agreement expired on December 4, 1982. Sanford Ain, an authorized representative of Arlandria Associates, orally requested plaintiff to continue to market the property. The commission was to be paid on the same terms as set forth in the original listing agreement, but the new oral listing agreement was to be non-exclusive. In early January, 1984, plaintiff procured Marvin Fabrikant as a pro-

spective purchaser and on January 18, 1984, Fabrikant submitted to all the general partners a proposed Agreement of Sale. Sanford Ain then informed plaintiff and Fabrikant of the "right of first refusal" provision in the Arlandria Associates' Partnership Agreement (Article 26). On February 3, 1984, Fabrikant entered into a written Agreement of Sale with Arlandria Associates whereby he agreed to purchase the property for $2,400,000. The Agreement referred to the "right of first refusal" (Section 28) and Section 20 provided that plaintiff and First Capital Realty, Inc., as co-brokers, were entitled to a commission of $100,000 (First Capital later assigned its claim to any commission to plaintiff). Defendants, Mooney and Meehan, signed the Fabrikant Agreement on February 7, 1984. On February 16, 1984, defendant Alfriend, exercising his right of first refusal, submitted an Agreement of Sale. The plaintiff contends that the Alfriend Agreement was not at the "same price and on the same terms" as contained in the Fabrikant offer in that it provided for a purchase price of $2,300,000 and provided that there were no brokerage fees. The defendants subsequently told Fabrikant that his Agreement was "null and void" because the Alfriend offer satisfied the requirements of Article 26 of the Partnership Agreement. The deadline for closing on the Alfriend Agreement of Sale expired on June 21, 1984. On June 20, 1984, the property was deeded to the partnership of Arlandria Shopping Center Associates; Alfriend is a general partner.

The plaintiff bases its entitlement to be paid a commission on Section 20 of the Fabrikant Agreement or, in the alternative, on the oral extension of the original listing agreement, and quantum meruit. The defendants argue that the plaintiff is not entitled to a commission based upon the terms of the Fabrikant Agreement because it is only an unratified offer to purchase. The defendants further argue that even under the exclusive listing agreement plaintiff is not entitled to be paid a commission because settlement, a condition precedent to such payment, never occurred. In response plaintiff argues that if such a condition to payment of the condition did exist, it was waived by defendants' wrongful interference with the closing of the Fabrikant Agreement.

In general, a broker is entitled to a commission when he has procured a purchaser ready, willing and able to purchase the property. It is also true that the parties may by special contract modify the general rule and make the commission payable dependent upon certain conditions. The fulfillment of the condition is generally essential to the right of compensation. If the owner prevents or makes impossible the performance or happening of the condition upon which his own liability is made to depend, he cannot avail himself of its nonperformance and the condition may be waived. Considering the facts in the Motion for Judgment to be true and viewing them in the light most favorable to the plaintiff, the Court finds that a cause of action is stated as to Count I.

Whether the defendants' conduct constituted a sufficient hindrance to prevent the happening of the condition is closely tied to Count IV. Did the defendants' alleged failure to disclose the existence of the right of first refusal in the partnership agreement fraudulently induce the plaintiff, to its detriment, to enter into the agreement? This question cannot be resolved by demurrer. The Court does find that Count IV states a cause of action.

In Count II plaintiff alleges a cause of action on the basis of quantum meruit. Plaintiff cannot assert that the written agreement is enforceable for purposes of claiming a right to recover a commission and, in the alternative, assert that if it cannot recover under the terms of the agreement it should be permitted to recover on the basis of quantum meruit. *Royer v. Board of County Supervisors*, 176 Va. 268 (1940).

In Count III plaintiff alleges a cause of action based on promissory estoppel. The Virginia Supreme Court has not recognized promissory estoppel as an offensive cause of action. *Dulaney Foods, Inc. v. Ayers*, 220 Va. 502 (1979).

The demurrer is sustained as to Counts II and III.

The Court finds no merit in defendants' claims that this action is barred by the Statute of Frauds, the failure to allege that First Capital Realty is licensed, or that the allegations are insufficient to justify the prayer for punitive damages.